UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ENCLAVE CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELITE RESTORATION, INC., CHARLES CULBERTSON, III, STRUCTURAL DESIGNE ASSOCIATES, INC., ANDREW SCHEERER AND JOHN DOE(S) 6-10, AND XYZ CORP(S). 1-10, <br><br> Defendants. | No. 1:21-cv-19097-NLH-SAK <br><br><br> OPINION |

**APPEARANCES**:

I. DOMINIC SIMEONE
MICHAEL ROSS HAHN
SIMEONE & RAYNOR, LLC
1522 ROUTE 38
CHERRY HILL, NJ 08002

　*On behalf of Plaintiff*

NATALIE R. YOUNG
WILLIAM DANIEL AUXER
KAPLIN STEWART MELOFF REITER & STEIN PC
UNION MEETING CORPORATE CENTER
910 HARVEST DRIVE
P.O. BOX 3037
BLUE BELL, PA 19422

　*On behalf of Defendants Elite Restoration, Inc., and Charles Culbertson, III*

MICHAEL MCCARTER
BREHM NOFER & MCCARTER, P.C.
161 WASHINGTON STREET, SUITE 1450
CONSHOHOCKEN, PA 19428

*On behalf of Defendants Structural Design Associates, Inc., and Andrew Scheerer*

**HILLMAN, District Judge**

Presently before the Court is The Enclave Condominium Association, Inc.'s, ("Plaintiff"), motion to remand and motion to strike. Plaintiff's case asserts various state law claims arising from a contract dispute with Elite Restoration, Inc., ("Elite"), Charles Culbertson, III, Structural Design Associates, Inc., Andrew Scheerer, and John Doe(s) 1-5, John Doe(s) 6-10, and XYZ Corp(s). 1-10, (collectively "Defendants").

Defendants Elite and Culbertson removed this matter from state court pursuant to 28 U.S.C. §§ 1332 and 1441(b), asserting that this matter was not removable until their counterclaim was filed in October of 2021.[1]  Plaintiff argues that removal was

---

[1] The Notice of Removal (ECF. No. 1) states that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a). Plaintiff is a nonprofit corporation incorporated in New Jersey with its principal place of business in New Jersey. All individual Defendants are citizens of Pennsylvania, and all corporate defendants are organized in Pennsylvania with their principal place of business in Pennsylvania. Defendants assert that the counterclaim seeks $1,904,382.00, which is over the $75,000 threshold set by the statute. (ECF No. 1 at ¶¶37-51).

2

improper because it was untimely, asserting that Defendants Elite and Culbertson removed the case beyond the 30-day limit provided in 28 U.S.C. §1446(b)(1): "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading[.]"  For the reasons expressed below, Plaintiff's motion to remand will be granted and Plaintiff's motion to strike will be dismissed without prejudice as moot.

## BACKGROUND

According to the Verified Complaint (ECF No. 10, Ex. A at pg. 3), in and around 2016, Plaintiff retained Defendant Structural Design Associates, Inc., ("SDA"), to draft specifications for the renovation of the building's façade and balconies.  SDA was also in charge of receiving bids on behalf of Plaintiff, to act as the architect and consulting engineer for the project, and prepared a standardized contract based on the American Institute of Architects forms with the bid winner, Elite.  (Id. at pgs. 4-5).  Elite's final, winning bid to be the contractor for the project was $2,660,000 plus a 3% charge for the bond.  (ECF No. 1, Ex. 1 at pg. 4).

SDA had the authority pursuant to the contract to interpret and decide matters concerning the performance under, and requirements of, the contract, as well as the authority to make initial decisions on all claims, disputes, and other matters

3

between Plaintiff and Elite.  (ECF No. 10, Ex. A at pg. 6).

Plaintiff asserts that Elite, without consent or authorization, performed work on the building that was outside of the agreed upon specifications.  After Elite completed the unsolicited work, it submitted two change order requests between January 7 and June 9, 2020, to be approved by Plaintiff and SDA, in the amount of $1,904,332.  (Id. at pgs. 6-7).  SDA and Scheerer reviewed and denied the change order requests for being "unnecessary and outside the scope of the project" on August 3, 2020.  (Id. at pg. 7).

On August 4, 2020, Elite filed to establish the value of a potential construction lien pursuant to the New Jersey Construction Lien Law.  N.J.S.A. 2A:44A-1 to 38.  (Id. at pg. 8).  The construction lien claim sought payment of the amount retained by Plaintiff on the undisputed adjusted contract amount, approximately 10% of the contract's value, in the amount of $265,014.53.  (ECF No. 10, Ex. A at pg. 8).  Elite did not include the two unapproved change order requests in the construction lien claim. (Id. at pg. 8-9).  On August 28, 2020, an arbitration process required by state law resulted in an offset of the lien claim amount to $187,014.53.[2]  (Id.).  Elite

---

[2] The work performed by Elite is considered "residential construction" under New Jersey's Construction Lien Law, which required Elite to file a Notice of Unpaid Balance and a Demand for Arbitration before bringing a lien claim for an unpaid

4

filed for the award amount on September 8, 2020, and Plaintiff fully satisfied the lien, which Elite received, on October 22, 2020.  (Id.).

On May 26, 2021, Elite filed for binding arbitration with the American Arbitration Association seeking payment on the unapproved change orders.  (ECF No. 10, Ex. A at pg. 9).  Plaintiffs responded by filing their Verified Complaint in state court on June 16, 2021, with twelve counts against Defendants, requesting Declaratory Judgment Staying Arbitration, or in the Alternative Declaratory Judgment Compelling SDA and Andrew Scheerer to participate in Arbitration, Declaratory Judgment of Accord and Satisfaction, as well as asserting Consumer Fraud Act violations, common law fraud, breach of contract, negligence, and malpractice against the various Defendants.  (Id. at pgs. 9-27).  Elite and Culbertson were served the Verified Complaint on June 24, 2021, (ECF No. 10 at Ex. B and C), as were Defendants SDA and Scheerer. (EFC No. 1 at Ex. 9 and 10).

After briefing during the summer of 2021, the state court issued an Order Show Cause partially granting the relief

---

contract sum.  This sum was not contested by Elite or Plaintiff.  However, the contract sum was not adjusted to include the disputed change order requests because unapproved change orders do not constitute "a written contract for which a lien may be asserted under the CLL."  (ECF No. 4, Ex. 1 at pgs. 7-8) (citing Stroud-Hopler, Inc. v. Farm Harvesting Co., No. A-5510-03T3, 2005 WL 3693342, at *10 (N.J. Super. Ct. App. Div. Jan. 24, 2006)).

5

requested by Plaintiff and issued an Order for Dismissal denying relief requested by Elite and Culbertson on September 23, 2021. (ECF No. 1 at pg. 5). After this partial setback in state court, Elite and Culbertson filed an Answer with Counterclaim to the Verified Complaint on October 4, 2021, the counterclaim seeking damages for the contested change orders. Defendants Elite and Culbertson then filed their Notice of Removal on October 20, 2021. (ECF No. 1).

## DISCUSSION

### I. Standard of Review regarding Remand

Federal courts are courts of limited jurisdiction which possess "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377(1994) (internal citations omitted). It is presumed that a cause of action lies outside of this limited jurisdiction and this presumption places a burden upon the removing party to establish federal jurisdiction. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The federal removal statute permits a defendant to remove a civil action when the district court has original jurisdiction over the action and the district court geographically encompasses the state court where the action was originally filed. 28 U.S.C. § 1441(a).

Once the case has been removed, however, the court may nonetheless remand it to state court if the removal was

procedurally defective or "subject matter jurisdiction is lacking." 28 U.S.C. § 1447(c); Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 458 (D.N.J. 2013). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer, 913 F.2d at 111. This Court may only review the timeliness of removal if a plaintiff raises the issue in a motion to remand. Estate of Campbell by Campbell v. South Jersey Medical Center, 732 F. App'x 113, 117 (3d Cir. 2018) (citing In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000) (explaining that a district court cannot remand an action sua sponte for untimeliness)).

Section 1446 is clear that, for a removal notice to be timely, it must be filed within thirty days of the date on which the defendant first ascertained that the case was removable based on "a copy of an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b). When the amount in controversy is the element on which removability hinges, the Third Circuit allows for two approaches. Romano v. Wal-Mart Stores E., LP, No. CV 16-7420, 2017 WL 119471, at *2 (D.N.J. Jan. 11, 2017).

The first approach applies where the Complaint does not plead specific damages and does not otherwise make clear that the amount in controversy exceeds the $75,000 threshold, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in

7

controversy exceeds $75,000.  Vartanian v. Terzian, 960 F. Supp. 58, 61-62 (D.N.J. 1999).  Under the second approach, even if the complaint does not include a specified damages amount, the clock for removal begins to run from the filing date of the Complaint so long as the defendant can "reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum."  Worldwide Executive Job Search Solutions, LLC v. North Bridge Grp., No. 17-1907, 2017 WL 5762392, *2 (D.N.J. Nov. 27, 2017) (citing Carroll v. United Air Lines, Inc., 7 F. Supp. 2d 516, 521 (D.N.J. 1998)).

The Third Circuit has held that the amount in controversy is determined by the value of the underlying cause of action, regardless of whether the action seeks declaratory or monetary relief.  Weber v. Nationwide Mut. Ins. Co., No. 12-02671, 2012 U.S. Dist. LEXIS 82614, at *8-9 (E.D. Pa. June 14, 2012) (citing Jamara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995) and Manze v. State Farm Insurance Co., 817 F.2d 1062, 1068 (3d Cir. 1987)).  District courts are instructed to look to the nature of the specific claim subject to arbitration in determining whether the amount in controversy is jurisdictionally sufficient.  State Farm Mut. Auto. Ins. Co. v. Schambelan, Nos. 89-781, 89-1349, 738 F. Supp. 926, 929 (E.D. Pa. June 11, 1990).  This reasoning has been extended to suits seeking to enjoin arbitration.  Universal Concrete Prods. v.

8

Pike Co., Inc., No. 17-2589, 2018 WL 347625, at *2 fn.1 (E.D. Pa. Jan. 10, 2018) (citing Webb v. Investacorp, Inc., 89 F.3d 252 (5th Cir. 1996).

   II.  **Analysis**

Defendants Elite and Culbertson argue that their Notice of Removal, filed on October 20, 2021, was timely because it was filed 16 days after Elite's own Counterclaim, which Defendants Elite and Culbertson allege is the first instance where damages were explicitly in excess of $75,000, fulfilling all parts of diversity jurisdiction under 28. U.S.C. § 1332(a).  (ECF No. 14 at pgs. 3-4).  Defendants Elite and Culbertson further contend that the claims that amounted over $75,000 did not fall under federal court jurisdiction at the time of their receipt of the Verified Complaint because the unapproved change order requests claims, in the amount of $1,904,382, were under the jurisdiction of the American Arbitration Association until the Superior Court ordered a permanent stay of the Arbitration.  (Id. at pg. 5). Plaintiff asserts, on the other hand, that the matter was removable from the date of filing of the Verified Complaint. (Id. at pg. 4).

As stated above, the Third Circuit allows for two approaches when the amount in controversy is not explicitly enumerated in the pleadings.  Romano v. Wal-Mart Stores E., LP, No. CV 16-7420, 2017 WL 119471, at *2 (D.N.J. Jan. 11, 2017).

9

The Defendants seem to endorse the first approach, asserting that the Verified Complaint does not plead specific damages and does not otherwise make clear that the amount in controversy exceeds the $75,000 threshold, thus the 30-day clock for removal did not begin to run until Elite's counterclaim, which explicitly requested the Court to declare $1,904,382.00 as the amount due and owed.  (ECF No. 1 at 115).  Although Plaintiff's Verified Complaint did not request monetary relief on its face, the Third Circuit would have this Court look to the nature of the specific claim subject to arbitration to determine whether the amount in controversy is jurisdictionally sufficient.  State Farm Mut. Auto. Ins. Co. v. Schambelan, Nos. 89-781, 89-1349, 738 F. Supp. 926, 929 (E.D. Pa. June 11, 1990).[3]

It is clear from the Verified Complaint that the specific claims subject to arbitration are the unapproved change orders in the amount of $1,904,332.00.[4]  (ECF No. 10, Ex. A, pgs. 7 and

---

[3] This reasoning has been extended to suits seeking to enjoin arbitration. Universal Concrete Prods. v. Pike Co., No. 17-2589, 2018 WL 347625, at *2 fn.1 (E.D. Pa. Jan. 10, 2018) (citing Webb v. Investacorp, Inc., 89 F.3d 252 (5th Cir. 1996).
[4] It should be noted that in New Jersey Rules of Court, R. 4:5-2 explicitly instructs plaintiffs to plead damages generally "without specifying the amount." See Romano v. Wal-Mart Stores East, LP, No. 16-7420, 2017 WL 119471, at*2 (D.N.J. Jan. 11, 2017).  It is precisely this tension between state procedural requirements and federal jurisdiction that has caused the development of the Third Circuit's flexible and holistic standards of review for evaluating the amount in controversy in removal cases.  (Id.).

9).  These unapproved change orders are at the heart of the disagreement between the two parties, not an unforeseen side-issue.  (Id.).  The first three counts within the Verified Complaint explicitly request enjoining the arbitration regarding these unapproved change orders.  (Id. at pgs. 9-15).  Therefore, Defendants Elite and Culbertson should have "reasonably and intelligently" concluded from the pleadings that the matter was removable at the time of its receipt of the Verified Complaint.

Moreover, the Verified Complaint sought, in the alternative, a Declaratory Judgment of Accord and Satisfaction which would have nullified the amount demanded in the change orders less the lien amount paid, a judgment in Plaintiff's favor in monetary value would be far above the jurisdictional floor.  (Id. at pgs. 26-27).  In addition, Plaintiff's common law claims and state consumer fraud claims could have easily surpassed the $75,000 threshold given the large scope and monetary value of the original contract award.  (Id. at pgs. 16-24).

As noted Defendants Elite and Culbertson were served the Verified Complaint on June 24, 2021, (ECF No. 10 at Ex. B and C), as were Defendants SDA and Scheerer.  (EFC No. 1 at Ex. 9 and 10).  Defendants Elite and Culbertson filed their Notice of Removal on October 20, 2021, (ECF No. 1), one hundred and eighteen (118) days after they received the Verified Complaint.

Their Notice of Removal is untimely under the 30-day limitation of 28 U.S.C. §1446(b)(1).

## CONCLUSION

Because Defendants Elite and Culbertson's removal petition did not comply with the 30-day limit for removal provided in U.S.C. § 1446(b)(1), removal to this Court was procedurally defective.  See 28 U.S.C. § 1447(c); Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 458 (D.N.J. 2013).  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand[,]" Boyer, 913 F.2d at 111, and so this action must be remanded to state court. Although an untimely removal is not a finding of a lack of subject matter jurisdiction, it would not be prudent for this Court to consider Plaintiff's motion to strike.  That decision is best left to adjudication in the Court from which this matter was untimely removed.

An appropriate Order will be entered.

Date: April 15, 2022            s/ Noel L. Hillman
At Camden, New Jersey           NOEL.L. HILLMAN, U.S.D.J.